**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN THE MATTER OF                    :

PEDRO J. VILLEGAS MOLINA &          :        CASE NO. 05-11616(SEK)
CARMEN V. CINTRON ARROYO,
      DEBTORS                       :        CHAPTER 11

_____

ADDECO PERSONNEL SERVICES, INC.

      PLAINTIFF                     :        ADV. NO. 06-042

            v.                      :        **FILED & ENTERED**

DEBTORS AS THE                      :
                                             **NOV 6 2006**
      DEFENDANTS                    :
_____          CLERK
                                             U.S. BANKRUPTCY COURT
                                             SAN JUAN, PUERTO RICO

**OPINION AND ORDER**



The two related matters before the court filed in the case and adversary proceeding stem from a common set of facts. Debtors' motion to dismiss claims this complaint to determine the dishargeability of a debt due to alleged fraud is time barred. In the case, Debtor challenged Plaintiff's request for extended time to file this complaint under Fed. R. B. P. 4007(c,) claiming, inter alia, it had not met its burden of showing there was "cause" for the time enlargement. For reasons that follow, we deny the enlargement of time to file the complaint, and grant the motion to dismiss the complaint.

These essential facts are undisputed. Debtors filed for bankruptcy protection under Chapter 11 of the Code on October 14,

2005.  Two days later, the Clerk notified ADDECO that the "Deadline to File a Complaint to Determine the Dischargeability of Certain Debts" was January 17, 2006.  On that date, ADDECO's Counsel noticed his appearance, and filed the instant motion requesting a thirty day extension to file the complaint determining the dischargeability of his Client's debt.  The request claimed : (1) ADDECO has standing to object to the dischargeability of the debt for material misrepresentation, fraud and defalcation on account of its timely proof of claim #11 filed on January 17, 2006; (2) ADDECO was "in the process of evaluating the totality of the circumstances towards making this decision"[1], and needs thirty days beyond the bar date of January 17, 2006, to complete its evaluation."



Debtors filed their opposition two days later arguing: (1) ADDECO was a Plaintiff in a complaint pending before the Insular Courts since October 21, 2005, where the subject of Debtor's alleged misdeeds in this matter are averred; (2) ADDECO did not attend the § 341 meeting of creditors and has not conducted discovery concerning this matter; (3) ADDECO did not notify or serve its motion for enlargement on Debtors as required by FRBP 9014 & 7004(b)(9); and (4) ADDECO's last minute filing curtailed Debtors opportunity to be heard on the need for the extension. ADDECO's attempts to amplify the "cause" for seeking the time

---

[1]  See the fourth paragraph of dkt. # 20 filed in the case.

enlargement sought after the period for filing had expired, cannot be considered by the Court.

### Discussion

While the determination of "cause" by its very nature is fact driven and must be analyzed on a case by case basis, some courts have enunciated the following factors that a court may consider: "(1) whether the Debtor refused in bad faith to cooperate with the creditor [citations omitted]; (2) whether the creditor had sufficient notice of the deadline and information to file an objection [citations omitted]; (3) the possibility that the proceeding pending in another forum will result in collateral estoppel on the relevant issues [citations omitted];(43) whether the creditor exercised diligence [citations omitted]; and (5) the complexity of the case [citations omitted]." *In re Stoneham*, 317 B.R. 544,548 n.1 (Bankr. CO 2004).



In the instant case, Debtor argues the extension must be denied and the complaint dismissed because ADDECO did not exercise sufficient due diligence to warrant the requested relief. We agree.

The facts show ADDECO had three months from notice of the filing deadline to hire counsel, evaluate the totality of the circumstances, and make a decision. It did not attend the § 341 meeting of creditors, took over two months to hire counsel, counsel did not engage in any discovery, and the complaint

mirrors allegations already pending before the State Courts.

Therefore, the facts show a lack of diligence on part of ADDECO that do not warrant the extension requested. Under these circumstances the complaint is dismissed as untimely.

Given, in San Juan, Puerto Rico, on November 3, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge